Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Herman | Matthew | Hall, Jr, |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Linda | Fulton | Hall |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number  18-41483
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |

Debtor  Herman  Matthew  Hall, Jr, and Linda  Fulton  Hall          Case number  18-41483

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:  ☒ 36 months     ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ___$388.00___ per ___week___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
|  | _____ per ___week___ |  |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☒ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4  Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

(1) **First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

Debtor   Herman  Matthew Hall, Jr, and Linda  Fulton  Hall                                    Case number   18-41483

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Part 3:   Treatment of Secured Claims

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
|  |  |  | % |  |

**§ 3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

Debtor  Herman Matthew Hall, Jr., and Linda Fulton Hall     Case number  18-41483

### § 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### § 3.4 Lien avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5 Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### § 3.6 Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __3.25__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Herman  Matthew Hall, Jr, and Linda  Fulton  Hall        Case number  18-41483

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1**  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1**  Check "None" or list Nonstandard Plan Provisions.

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)***

Installment payments on the secured claims listed in this section, which will extend beyond the life of the plan, will be maintained during the plan, with payments disbursed by the trustee. The holders of the secured claims will retain their liens following the completion of payments under the plan, and any unpaid balance of the claims is not subject to discharge.  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.  Any postpetition installment payment changes and fees, expenses, and charges noticed in conformity with Federal Rule of Bankruptcy Procedure 3002.1 will be paid without plan modification by the the Trustee unless otherwise ordered by the court.

The installment payment and amount of arrearage stated in an allowed claim, proof of which is filed, control over any contrary amounts listed below.

If relief from the automatic stay is ordered as to any collateral described below, all payments under this section to creditors secured solely by that collateral will cease unless otherwise ordered by the court.

| Name of Creditor | Collateral Description | Adequate Protection | Monthly Installment Payment | Amount of Arrearage | Arrearage Payment |
|---|---|---|---|---|---|
| SN Servicing | 1297 Holcomb Ln Ringgold Ga 30736 | $875.00/ mo | $875.00 | 20,000.00 | $335.00 |

Debtor  Herman  Matthew Hall, Jr, and Linda  Fulton  Hall          Case number  18-41483

| Part 9: | Signatures |

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

✘ /s/ Herman Hall
Signature of debtor 1 executed on  06/29/2018
                                    MM / DD / YYYY

1297 Holcomb Rd Ringgold Ga 30736
Address                             City, State, ZIP code

✘ /s/ James M Setters- Ga 636145
Signature of attorney for debtor(s)

James M Setters & Associates
Firm

✘ /s/ Linda Hall
Signature of debtor 2 executed on  06/29/2018
                                    MM / DD / YYYY

1297 Holcomb Rd Ringgold Ga 30736
Address                             City, State, ZIP code

Date: 06/29/2018
       MM / DD / YYYY

PO Box 2583 Dalton Ga 30720
Address                             City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

# United States Bankruptcy Court
## Northern District of Georgia

In re  Herman Mathew Hall, Jr.
Linda Fulton Hall
Debtor(s)

Case No. **18-41483**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 11, 2018**, a copy of The Chapter 13 Plan was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Attached Creditor Matrix**

/s/ JAMES M. SETTERS GA
JAMES M. SETTERS GA 636145
James M. Setters & Associates
PO Box 2583
Dalton, GA 30722
706-529-4783 Fax:706-529-4796
jack@jsetterslegal.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-4<br>Case 18-41483-bem<br>Northern District of Georgia<br>Rome<br>Tue Jul 10 22:52:35 EDT 2018 | (p)ALLIANCE PHYSICAL THERAPY LLC<br>2020 GUNBARREL RD<br>SUITE 408<br>CHATTANOOGA TN 37421-2663 | American Anesthesiology<br>P.O. Box 535590<br>Atlanta, GA 30353-5595 |
| Battlefield Imaging<br>P.O. Box 371863<br>Pittsburgh, PA 15250-7863 | Catherines/Comenity<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Catherines/Comenity<br>Po Box 182789<br>Columbus, OH 43218-2789 |
| Chattanooga Gastro<br>2341 McCallie Ave<br>Ste 404<br>Chattanooga, TN 37404-3227 | Comenity Bank/Lane Bryant<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenity Bank/Lane Bryant<br>Po Box 182789<br>Columbus, OH 43218-2789 |
| Erlanger Health Systems<br>P.O. Box 1150<br>Chattanooga, TN 37401-1150 | Erlanger Physicians<br>PO Box 127<br>Concord, NC 28026-0127 | Franklin Collection Service, Inc.<br>2978 W Jackson St<br>Tupelo, MS 38801-6731 |
| Franklin Collection Service, Inc.<br>Attn: Bankruptcy<br>Po Box 3910<br>Tupelo, MS 38803-3910 | Frost Arnett<br>P.O. Box 198988<br>Nashville, TN 37219-8988 | Herman Mathew Hall Jr.<br>1297 Holcomb Rd<br>Ringgold, GA 30736-3251 |
| Linda Fulton Hall<br>1297 Holcomb Road<br>Ringgold, GA 30736-3251 | I C System Inc<br>444 Highway 96 East<br>P.O. Box 64378<br>St. Paul, MN 55164-0378 | I C System Inc<br>Po Box 64378<br>Saint Paul, MN 55164-0378 |
| MEMORIAL ARTHRITIS AND RHEUMATOLOGY<br>WAKEFIELD AND ASSOCIATES<br>PO BOX 50250<br>KNOXVILLE,TN 37950-0250 | Memorial<br>2525 Desales<br>Chattanooga, TN 37404-1102 | Nationwide Recovery<br>3000 Kellway Dr<br>Carrollton, TX 75006-3304 |
| Nationwide Recovery<br>501 Shelley Dr  Ste 300<br>Tyler, TX 75701-9553 | Next Era MD<br>5600 Brainerd Rd, Ste. 500<br>Chattanooga, TN 37411-5371 | Online Collections<br>Po Box 1489<br>Winterville, NC 28590-1489 |
| Paragon Revenue Group<br>216 Le Phillip Ct NE<br>Concord, NC 28025-2954 | Paragon Revenue Group<br>Attn: Bankruptcy<br>216 Le Phillip Ct Ne<br>Concord, NC 28025-2954 | Paragon Revenue Group<br>Po Box 126<br>Concord, NC 28026-0126 |
| Parkridge Diagnostic  Center<br>2205 McCallike Ave<br>Chattanooga, TN 37404-3334 | Parkridge East Hospital<br>attn:  Billing Department<br>941 Spring Creek Road<br>Chattanooga, TN 37412-3909 | PathGroup<br>P.O. box 740858<br>Cincinnati, OH 45274-0858 |

| | | |
|---|---|---|
| Pay Pal<br>2211 North First St<br>San Jose, CA 95131-2021 | SN SERVICING<br>PO Box 660820<br>Dallas, TX 75266-0820 | James M. Setters<br>James M Setters and Associates, PC<br>P. O. Box 2583<br>Dalton, GA 30722-2583 |
| Siskin Rehab.<br>1 Siskin Plaza<br>Chattanooga, TN 37403-1306 | TCFPA FAMILY MEDICINE CENTER<br>WAKEFIELD AND ASSOCIATES<br>PO BOX 50250<br>KNOXVILLE,TN 37950-0250 | Tennessee Internal and Imag<br>975 E 3rd St<br>Chattanooga, TN 37403-2147 |
| Tennessee River Phy<br>PO Box 14099<br>Belfast, ME 04915-4034 | Mary Ida Townson<br>Chapter 13 Trustee<br>Suite 2200<br>191 Peachtree Street, NE<br>Atlanta, GA 30303-1770 | United Collection Serv<br>106 Commerce St Ste 101<br>Lake Mary, FL 32746-6217 |
| United Collection Serv<br>Attn: Bankruptcy Department<br>106 Commerce St., Suite 106<br>Lake Mary, FL 32746-6217 | Wakefield and Associates<br>P.O. Box 50250<br>Knoxville, TN 37950-0250 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Alliance Physical Therapy<br>6711 Mountain View Road<br>Suite 115<br>Ooltewah, TN 37363 | End of Label Matrix<br>Mailable recipients    40<br>Bypassed recipients    0<br>Total    40 |